UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA          )
                                  )
V.                                )          No. 2:10-CR-85
                                  )
WILLIAM JAMES LYON, IV            )


## REPORT AND RECOMMENDATION

On July 13, 2010, based upon the application and supporting affidavit of Special

Agent David Bishop of the Federal Bureau of Investigation, the magistrate judge of this court

issued a warrant to search the residence of William J. Lyon IV, and his wife, Heidi Lyon, at

2390 Muddy Creek Road in Blountville, Tennessee.  The warrant authorized the executing

officers to search for and seize computer hardware and software and other computer-related

equipment; any computer correspondence pertaining to the possession or distribution of child

pornography; any computer correspondence pertaining to the enticing of a minor child to

engage in sexual activity, and generally any evidence of, or regarding, child pornography.

The executing agent seized various compact discs, digital video discs, and considerable other

computer-related equipment.

On July 16, 2010, Special Agent Bishop applied for yet another search warrant.  In

this application, Agent Bishop sought to search a Hewlitt Packard laptop computer and

various external media devices owned by William Lyon IV.

Defendant has filed a motion to suppress, (Doc. 24), alleging that the first search

warrant, i.e., the warrant that authorized the search of his residence in Blountville, was

unsupported by probable cause to believe that evidence of criminal activity would be found at his residence. He then argues that the *second* search warrant was a "fruit of the poisonous tree," i.e., that its issuance was necessarily premised upon the issuance of the first warrant, and therefore all evidence discovered and seized as a result of the execution of that second search warrant should be suppressed.

The motion to suppress has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on November 12, 2010.

As an initial matter, defendant's basic premise that the second search warrant applied for and issued on July 16, 2010, was the fruit of the poisonous tree, *viz.*, the first search warrant issued on July 13, 2010, is unsustainable even if it be assumed for the sake of argument that the first search warrant indeed was unsupported by probable cause. Agent Bishop executed the first search warrant on July 15, 2010 and he seized various computers, computer-related equipment, and media devices. But, as the affidavit filed in support of the *second* search warrant reveals, information regarding the first search warrant and its execution had absolutely nothing to do with the application for the second search warrant other than providing background information. In this regard, when Agent Bishop went to defendant's residence on July 15, 2010, to execute the first search warrant, he was told by defendant's wife that the defendant was attending a business meeting in New Jersey, and that he had taken two laptop computers with him, one of which was provided by his employer, and the other which was a personal computer recently purchased by defendant. That same

day, two Special Agents of the FBI in New Jersey interviewed defendant in that state. He was not under arrest, and he was told that he did not have to talk with the agents if he did not wish to do so.[1] Defendant nevertheless agreed to talk to the agents and he admitted that he had downloaded child pornography onto his recently-purchased Hewlitt Packard laptop computer, as well as on various external media. He told the agents that his HP laptop was in his hotel room with several of those external media devices. He voluntarily accompanied the agents to his hotel room, where he executed a "Consent to Search Computers Form," in which he consented to the search of the HP laptop and the external storage devices.

On July 16, 2010, Agent Bishop applied to this court for a warrant to search that laptop computer and the external storage devices. Bishop's affidavit merely recited the admissions defendant made to the two FBI agents in New Jersey that he downloaded child pornography into the laptop computer and external storage devices, and that he voluntarily consented to a search of them. *Nothing* regarding the first search warrant and its execution appears in his application for the second search warrant except three paragraphs that merely recite that Agent Bishop executed the first search warrant on July 15, 2010; that Heidi Lyon was present during the execution of the warrant, and that she agreed to speak with him; that Heidi Lyon advised Agent Bishop that defendant was attending a business meeting at his employer's office in New Jersey; that defendant had taken two laptop computers with him to his meeting in New Jersey, one of which was owned by defendant's employer, and the

---

[1]This is the subject of another report and recommendation that addresses defendant's motion to suppress the statements he made to the New Jersey FBI agents.

other of which was recently purchased by defendant. This conversation could have occurred with or without the execution of the search warrant; the only thing Agent Bishop learned was that defendant was in New Jersey at a business meeting, and that he had two laptop computers with him. Agent Bishop already had confirmed that someone using the IP address of 66.191.228.65 had downloaded child pornography; he had that information not only from Task Force Officer Elliott in Oklahoma City, but also from a police officer in Morristown, Tennessee. With or without a search warrant, Agent Bishop could have talked to Ms. Lyon by simply walking up to her door, telling her the information he had obtained, and then asking her the same questions. Defendant's argument is a *post-hoc, ergo propter hoc* argument.

Based upon the information provided by Ms. Lyon, Special Agent Bishop requested one of his colleagues, Special Agent Rushing, to request that FBI agents in New Jersey contact and interview defendant. Defendant was interviewed by two New Jersey FBI Special Agents that same day, and he voluntarily admitted to downloading child pornography and voluntarily consented to the search of his computer and storage devices that he had with him.

Thus, even if the first search warrant was unsupported by probable cause, this court did not rely to any extent upon either the affidavit filed in support of the first search warrant, or the results of the execution of that first search warrant. Indeed, no return had yet been made on that first search warrant. Thus, the second warrant in no way was a "fruit" of the first warrant, or its execution.

The foregoing discussion notwithstanding, there was an abundance of probable cause

to support the issuance of the first search warrant.

The affidavit filed in support of the application for the first search warrant revealed that Task Force Officer Elliott, who was assigned to the Oklahoma City Branch of the FBI, conducted an internet search using the term "Witch Nudist," which he knew to be associated with child pornography. His search revealed that multiple files were available for downloading from a computer with an IP address of 66.191.228.65. Agent Elliott reviewed a list of 310 files that were available for downloading from that IP address, many of which possessed file names "consistent with child pornography."

Within a few minutes Officer Elliott downloaded 15 image files from that IP address, confirming that the images were depictions of children under the age of 18 engaged in sexually explicit conduct.

Using another Internet data base, Task Force Officer Elliott learned that the IP address 66.191.228.65 was registered to Charter Communications. Later that day, an administrative subpoena was served on Charter Communications that requested subscriber information for that IP address during the date and time Task Force Officer Elliott downloaded the child pornography. Charter Communications identified the subscriber as Jim and Heidi Lyon, 2390 Muddy Creek Road, Blountville, Tennessee.

Defendant first argues that the affidavit submitted in support of the application for the search warrant does not contain sufficient facts to indicate that criminal activity had taken place. In this regard, defendant argues that the underlying criminal statute, 18 U.S.C. § 2252A, declares it to be a federal offense for an individual to *knowingly* possess, receive, or

distribute child pornography. He says that the affidavit fails to present any facts to suggest that defendant "knowingly" received child pornography. The rather obvious problem with defendant's argument is that Task Force Officer Elliott actually downloaded, from defendant's computer, images of child pornography. *Someone* had downloaded child pornography onto that computer; who downloaded it was irrelevant to the probable cause inquiry.

Defendant's argument that "Witch Nudist" would not necessarily denote child pornography, and that Task Force Officer Elliott's statement that many of the file names suggested that they contained child pornography were unsupported conclusions, is simply irrelevant in light of the officer's actual observation of child pornography which he downloaded from defendant's computer. It would have been better if the affiant, Special Agent Bishop, had specifically recited that Task Force Officer Elliott had seen hundreds or thousands of pictures of child pornography, and therefore was "familiar" with child pornography. Although he did not, this magistrate judge rightly concluded that a task force officer who "specializes" in child pornography knew it when he saw it; the issue was not proof beyond a reasonable doubt, but only probable cause. It is quite enough that the agent who observed the depictions, based upon his own experience as a Task Force Officer who investigates child pornography cases, is of the opinion that the images are those of minors. *See, e.g., United States v. Long*, 1994 WL 669538 (6th Cir. 1999).

Further, defendant's argument that there was nothing in the affidavit to suggest that defendant "knew" that the individuals depicted in the photographs were minors fares no

better.  As far as probable cause to obtain a search warrant for evidence of child pornography is concerned, it has never been required that the applicant in some way *prove* that the images depict minors under the age of 18.

Lastly, defendant argues that the affidavit does not reveal that the images were actually downloaded *via* the Internet, or that defendant was the individual who downloaded them into his computer. Again, the problem with this argument is that *someone* had authorized internet users to download images of child pornography from IP address 66.191.228.65, and that IP address was used by that *someone* at 2390 Muddy Creek Road, Blountville, Tennessee. And, as the affidavit reveals, Task Force Officer Elliott, from his office in Oklahoma City, downloaded child pornography *via* the internet from defendant's computer.  As far as this court's search warrant was concerned, the images of child pornography could have been downloaded (and made available for sharing) by defendant; or by his wife, or by anyone else having access to that computer.  The purpose of the search was to search for evidence of the crime of possessing and distributing child pornography, not necessarily to identify the perpetrator.

It is respectfully recommended that defendant's motion to suppress (Doc. 24) be denied.[2]

Respectfully submitted,

---

[2]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived.  28 U.S.C. 636(b)(1).

_____s/ Dennis H. Inman_____
United States Magistrate Judge